IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEAN A. TEREK, | Case No. 3:14 CV 1391 |
| Plaintiff, | ORDER |
| v. | MAGISTRATE JUDGE JAMES R. KNEPP II |
| WINFIELD J. FINKBINER, et al., | |
| Defendants. | |

This matter is before the Court for purposes of ruling upon objections interposed during the depositions of several witnesses. The parties have supplemented their positions regarding the objections view letters to the Court.[1] The Court directs, consistent with the agreement of the parties, that the depositions by edited according to customary "housekeeping" procedure and, further, that where an objection has been overruled, that the objection be deleted and where an objection is sustained, that the question, objection and answer be removed.

Upon review of the pertinent depositions and the positions of the parties, the Court issues the following rulings:

**Dr. Raymond Candage**

The objections on page 40 at lines 4 and 10 are overruled. In this instance, it appears that the term "medical malpractice" is being used as shorthand for "within the applicable standard of care", with which Dr. Candage would be qualified to opine, and not in a legalistic sense as would be the case for the ultimate issue in a medical malpractice trial.

---

[1] Copies of the respective correspondence are attached as appendices to this Order.

**Thomas Engle**

The objection and motion to strike on page 10 at line 2 is granted. The question should remain, but the portion of the answer prior to the objection is stricken as non-responsive and because it contains hearsay. The portion of the answer after the objection is not objectionable and will be permitted to stand as the answer to the question.

**Dr. Peter Gerszten**

The objection on page 13 at line 22 is overruled. This is a preliminary matter seeking to establish Dr. Gerszten's qualifications.

The objection on page 15 at line 10 is overruled. While the question is certainly leading, the Court will allow this question to stand under Evidence Rule 104(a) as establishing a preliminary matter.

The objections on page 53 at line 8 and on page 78 have been withdrawn, as have the questions on page 24 at lines 4-16, page 28 at lines 2-6, page 40 at line 24 through page 41 at line 12, page 45 at lines 14-20, and page 43 at line 23 through page 55 at line 6.

The objections on page 62 at line 14 and page 69 at line 4 are overruled for the reasons set forth on the record in the Court's ruling on Plaintiff's Motion in Limine regarding these matters.

The objection on page 74 at line 3 is overruled. The questioning is not appreciably cumulative.

**Barbara Long**

The objection on page 12 at line 7 is overruled. This observation is rationally based upon the witness' perception as provided in Evidence Rule 701.

The objection on page 18 at line 4 is withdrawn.

The objection on page 18 at line 20 is overruled. These questions and answers are not unduly cumulative.

The objection on page 23 at line 1 is overruled. The date of Plaintiff's father's death is being used to establish chronological context and is not otherwise unduly prejudicial.

**Michelle Mayes**

The objections on page 9 are overruled. These are not medical opinions. They are observations of what another occupant of the vehicle and resident of Plaintiff's household saw and heard.

The objection on page 11 at line 23 is overruled. The testimony elicited provides context for other testimony.

The objection on page 23 at line 15 is overruled. This is an observation by a resident of Plaintiff's household.

The objection and motion to strike on page 26 at line 3 is sustained in part. The portion of the answer before the objection is ordered stricken, but the portion of the answer following the objection can stand in response to the question as an observation by a resident of Plaintiff's household.

The objection on page 26 at line 20 is overruled. This is not a medical opinion, but rather a lay observation.

The objections on page 27 at lines 5 and 12 are sustained. These questions elicited responses which are hearsay. Beginning with the question at page 26 line 24 and continuing through page 27 line 17 is stricken.

The objections on page 28 at line 9, on page 31 at line 9 and at page 38 at line 8 are withdrawn.

The objection on page 30 at line 9 is sustained.  This witness' feelings are not relevant.

The objection on page 30 at line 19 is sustained.  The witness' hope for the future is not relevant.

The objection at page 31 to the question beginning at line 11 is sustained.  It seeks to elicit medical testimony or speculation.

The objection at page 39 line 22 is overruled for the reasons set forth on the record pertaining to the Motion in Limine on this subject matter.

**Dr. Sean Nolan**

The objections on page 12, line 17; page 44, line 12; page 48, line 18; page 53, line 8; page 54, line 11; page 67, line 4; and page 78, line 23; and the questions on page 26, line 7; page 30, line 2; page 33, line 7; and page 94 line 1 are all withdrawn.

The objection at page 13 line 19 is overruled.

The objection at page 29 at line 18 is overruled.

The objection at page 39, line 3 is overruled.

The objection at page 46, line 21 is overruled.

The objections on page 49 are overruled.  Dr. Nolan was available for cross examination as to specific references in the literature.

The objection on page 52 at line 22 is sustained as leading the witness and because of its form.

The objection on page 55 is sustained and all of Dr. Nolan's testimony regarding the cost of the hormone replacement therapy is ordered stricken as hearsay, speculation and lacking foundation.

The parties jointly agree to strike page 57, lines 4-16.

The objections to testimony on pages 66 and 70-73 are overruled.

The objection on page 77 at line 18 is overruled. Dr. Nolan accepted the definition.

The objection on page 81 is overruled. The information is challenging Dr. Nolan's opinions about Plaintiff's life expectancy.

The objection on page 82 is overruled.

The objection on page 84 is overruled.

The motion to strike on page 87 is granted as to the answer beginning on line 16 with the words "but the defendant's" through page 88, line 20 is stricken.

The objections and motion to strike on page 90 are overruled. This information is a valid basis for cross-examination of the expert.

**Rose Witt**

The Court is inclined to prohibit Ms. Witt's testimony pertaining to the events occurring after the accident in light of its ruling on the punitive damages claims. Thus, the Court will permit Ms. Witt to testify beginning on page 5 though the word "vehicle" in line 13 of page 15. Her testimony can resume on page 32 at line 12 and continue thereafter until line 23 on page 35. Her testimony can resume on page 36 at line 19 and continue through line 21 on page 37. It can resume on page 38 at line 25 and continue through line 18 on page 39.

As to objections in the permitted testimony, the objection on page 15 at line 1 is overruled.

IT IS SO ORDERED.

                                           s/James R. Knepp II
                                           United States Magistrate Judge