IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JEAN A. TEREK,** | Case No. 3:14 CV 1391 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR COSTS AND PREJUDGMENT INTEREST |
| v. | |
| **WINFIELD J. FINKBINER, et al.,** | MAGISTRATE JUDGE JAMES R. KNEPP II |
| Defendants. | |

## INTRODUCTION

In September 2015, the Court held a trial involving Plaintiff Jean Terek ("Plaintiff") and Defendant Winfield Finkbiner, who was driving a semi-truck for Defendant Trans-United, Inc. (collectively, "Defendants"). The semi-truck Finkbiner was driving struck the passenger vehicle in which Plaintiff was traveling. Prior to the trial, liability was admitted and the trial proceeded on the issue of damages only. At trial, Plaintiff was awarded $254,528.11 in compensatory damages. (Doc. 84). On October 8, 2015, Plaintiff requested costs and prejudgment interest. (Doc. 85). The Defendants opposed the motion. (Doc. 87).

## ANALYSIS

*Costs*

Under Fed.R. Civ. P. 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party." While there is a presumption in favor of awarding costs, a district court is allowed discretion in denying costs. *White & White, Inc. v. American Hosp. Supply Corp.,* 786 F.2d 729 (6th Cir. 1986). Here, Plaintiff requested reimbursement for all court costs and the costs for taking two depositions, Dr. Peter Gerszten and Rose Witt. (Doc. 85). The Defendants do not oppose the award of costs for the taking of Dr. Gerszten's deposition but challenge those

associated with the taking of Rose Witt's deposition, including reimbursement for Plaintiff's attorney's mileage costs. (Doc. 87). Defendants also do not oppose the award for the filing fee but request that Plaintiff only receive $133.34, presumably (though unexplained by Defendants) this reduced award is attributable to Plaintiff's lack of success on her other claims.

First, as it is unopposed, the Court awards the cost of taking Dr. Gerzsten's deposition to Plaintiff; in the amount of $459.70. Second, while Plaintiff was not successful on all of her claims, there is no evidence that Plaintiff brought these claims for an improper purpose or in bad faith. *See White*, 786 F.2d at 730 (citing *Coyne-Delany v. Capital Development Bd. of Illinois*, 717 F.2d 385, 390 (7th Cir. 1983)) (good faith of a losing party is a relevant factor in determining whether to award or deny costs). Further, these claims were dismissed after a partial summary judgment order was issued by the Court less than a week before trial. (Doc. 80). Thus, the Court also awards Plaintiff the full filing fee of $400.00.

As to Ms. Witt's deposition, the Defendants challenge the award of costs because they allege her deposition only went to proving liability which had already been admitted and was thus, unnecessary. (Doc. 87). Plaintiff only argued that Ms. Witt's deposition was necessary because Defendants refused to admit liability. (Doc. 85). However, liability for the accident was not in question as early as October 2014 when Defendants returned admissions to Plaintiff's counsel. (*See* Doc. 87-1). Multiple times throughout those admissions, Defendants admit that Finkbiner's semi-truck struck Plaintiff's vehicle while changing lanes. (Doc. 87-1). Because liability was not at issue, and had already been admitted, Plaintiff's argument is not well-taken. The Court denies Plaintiff's request for costs totaling $629.30 consisting of the reporting costs for the deposition and Plaintiff's counsel's mileage costs.

*Pre-judgment Interest*

Plaintiff also requests pre-judgment interest pursuant to Ohio Revised Code § 1343.03(C)(1) because she alleges Defendants did not attempt to settle the case in good faith. (Doc. 85). In response, Defendants argue that it was actually Plaintiff who did not attempt to settle in good faith; this was proven when the jury returned a verdict that was much closer to their last offer to Plaintiff than it was to Plaintiff's last demand. (Doc. 87). A party does not fail to make a good faith effort to settle when it has "(1) fully cooperated in discovery proceedings; (2) rationally evaluated his risks and potential liability; (3) not attempted to unnecessarily delay any proceedings; and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party." *Kalain v. Smith*, 25 Ohio St.3d 157, 159-60 (1986).

Plaintiff makes no argument that Defendants were uncooperative in discovery, made an irrational evaluation of the case, or unnecessarily delayed the proceedings; instead her only argument centers on the offers of settlement Defendants made. (Doc. 85). The Plaintiff argues the settlement offers throughout most of the litigation were unreasonably low and would not even have covered her medical bills; and it was only a week before trial that Defendants increased their offer to a reasonable number. (Doc. 85). In response, Defendants argue that Plaintiff failed to negotiate toward a reasonable number and remained at over half a million dollars throughout the litigation. (Doc. 87). Further, Plaintiff never responded to Defendants' last offer of $150,000 made on September 16, 2015. (Doc. 87). While Plaintiff is accurate in stating this offer was completed close in time to the trial date, it was actually only two weeks after the depositions of both of her doctors, who were to establish her injuries; and was made while a partial motion for summary judgment was still pending before the Court. (*See* Docs. 32, 37, 53 & 80). Furthermore, Defendants are correct in asserting that their last offer was substantially closer

3

to what Plaintiff received at trial, while Plaintiff's last demand was more than double what the jury awarded her. Taking into account the rapid pace at which this litigation progressed in the final weeks before trial and the ultimate jury verdict, the Court cannot find that Defendants failed to negotiate in good faith. Thus, Plaintiff's request for pre-judgment interest is denied.

## CONCLUSION

For the reasons stated above, the Court grants Plaintiff's motion for costs and orders Defendants to pay Plaintiff $859.70. But the Court denies Plaintiff's motion for costs for Rose Witt's deposition and denies Plaintiff's motion for pre-judgment interest.

IT IS SO ORDERED.

s/James R. Knepp, II<br>
United States Magistrate Judge